CHARLES W. PHENIX

v.

MARY C. GILFILLAN ET AL.

*Replevin—Gift.*

1. A verbal gift unaccompanied by a delivery of possession is not sufficient to change the title thereto.

2. In an action of replevin brought to recover a piano, the defendant alleging it to be a gift, and the plaintiff contending that there had been no delivery thereof, this court holds that the direction given by the latter to the former to take the same from his house, followed by a removal, amounted to a sufficient delivery.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Stark County; the the Hon. N. E. WORTHINGTON, Judge, presiding.

Mr. B. F. THOMPSON, for appellant.

" To constitute a gift *inter vivos*, there must be a gift absolute and irrevocable, without any reference to its taking effect at some period. The donor must deliver the property and part with all present and future dominion over it." * * * " The delivery must be such as to vest the donee with the control and dominion over the property, and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. Roberts v. Draper, 18 Ill. App. 167 [170], and authorities cited; 3 Wait's Act. & Defenses, p. 487, and authorities cited.

A delivery of the subject-matter of the gift, so far as it is capable of a delivery, is of the essence of the title. Wilson v. Keller, 9 Ill. App. 347.

A parol gift of a chattel is incomplete without a delivery or something equivalent to a delivery. Without such delivery no title passes. The donor must part with the possession and dominion of the property. The People v. Johnson, 14 Ill. 342.

And a verbal gift without delivery may be resumed by the giver. Cranz v. Kroger, 22 Ill. 74 [80].

A mere gift of property, unless there is some act of delivery, will not pass the title to the donee so as to enable him to recover for it in any action. Moore's Justice (Civil) Sec. 495, and authorities cited.

Messrs. V. G. FULLER and M. A. FULLER, for appellees.

Mr. Justice Harker. This was an action of replevin commenced by appellant to recover the possession of a piano.

The defense interposed was that appellant, about two years before the commencement of the suit, gave the piano to appellee, Mary C. Gilfillan.

It appears from the evidence that the piano was purchased by appellant and placed in his house in 1884. His family at that time consisted of himself, his wife and Mary Nowlan, now Mary Gilfillan. Mary had been in the family since she was eight years old. She testified that appellant had frequently promised to give her the piano and that after she married and moved from appellant's home with her husband he did give it to her and told her to take it from his home, then rented to and occupied by a tenant, which she did. Appellant denied giving the piano to Mrs. Gilfillan and denied that he authorized her to take it from his home.

The jury found the title to the piano to be in Mrs. Gilfillan. Mrs. Gilfillan was corroborated by her husband and a witness named Irvin Lattin, who testified to conversations had with appellant after the removal of the piano from his house to the effect that he had given the piano to her.

Appellant contends that whatever view may be taken of the controverted statement that he gave the piano to Mrs. Gilfillan the gift was not valid because there was no delivery of the property to her.

While it is true that a verbal gift, unaccompanied by a delivery of possession, is not sufficient to change the title to personal property, we are of the opinion that the direction given by appellant to Mrs. Gilfillan to take the piano from his house, followed by a taking of it, amounted to a sufficient delivery.

We see no error in the trial court in giving, refusing or modifying instructions.

We approve the finding of the jury and the judgment of the court below.

*Judgment affirmed.*